## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:98-239-4 |
| | ) | |
| vs. | ) | |
| | ) | |
| Bernard Davis, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On December 27, 2001, Bernard Davis ("defendant") filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582. On May 19, 2004, the government opposed the motion. This matter is now before the Court for disposition.

Under 18 U.S.C. § 3582(c)(2), a defendant may file a motion requesting the Court to modify his term of imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the sentence if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Here, the defendant relies on Amendment 599.

On November 1, 2000, Amendment 599 to the United States Sentencing Guidelines became effective, retroactively authorizing a reduction in sentence pursuant to U.S.S.G. § 1B1.10. Amendment 599 deals with the situation where a defendant is sentenced under 18 U.S.C. § 924(c), possession of a weapon during a crime of violence, as well as for an underlying offense. "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying

offense." Commentary to § 2K2.4, the guideline for 18 U.S.C. § 924(c). The reason that the enhancement should not be applied is because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 924(c).

On February 9, 1999, the defendant was sentenced under 18 U.S.C. § 924(c) for possession of a firearm during a crime of violence and under 18 U.S.C. § 1951 on a Hobbs Act armed robbery charge. On the armed robbery charge, he received a five level specific offense characteristic enhancement because two co-defendants displayed firearms during the robbery. As a result of the five level enhancement, the defendant's adjusted offense level was calculated to be 29 at sentencing. Accordingly, the defendant was sentenced to the mandatory minimum of 87 months for the armed robbery. In addition, the defendant faced a mandatory 10 year consecutive sentence on the § 924(c) charge. At sentencing, however, the Court granted the defendant a generous downward departure and imposed a total sentence of 87 months on both counts.

With the removal of the enhancement, the defendant's adjusted offense level becomes 24, which corresponds to a sentence of 51 to 63 months with a criminal history category of I under the United States Sentencing Guidelines.

The Court therefore grants the defendant's motion to modify his sentence. The Court hereby reduces the defendant's term of imprisonment to time served.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 18, 2005
Charleston, South Carolina